Piekarski & Brelsford, P.C.
2633 E Indian School Rd., Ste. 460
Phoenix, AZ 85016
Phone: (602) 956-1161
Email: chris@pb-lawfirm.com
Fax: (602) 956-1161
Christopher J. Piekarski, AB# 019251
Nathan J. Brelsford, AB# 024853
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Douglas Wilkerson**, **Joshua Luna**, **Ryan Adverderada**,<br><br>  **Plaintiffs,**<br><br>vs.<br><br>**Expert Global Solutions, Inc.,** formerly known as **APAC Customer Services, Inc.**, a Delaware Corporation duly licensed to do business in the State of Arizona;<br><br>  **Defendants.** | Case No.:<br><br>**Complaint**<br><br>(Unpaid Wages; Unpaid Overtime) |

Plaintiffs, Douglas Wilkerson, Joshua Luna, and Ryan Adverderada, by and through their undersigned counsel, submit the following claims:

**I.**

**Parties Jurisdiction and Venue**

1. Plaintiff Wilkerson is a resident of Maricopa County, Arizona.

2. Plaintiff Luna is a resident of Maricopa County, Arizona.

3. Plaintiff Adverderada is a resident of Maricopa County, Arizona.

4. Defendant Expert Global Solutions Inc., Inc. is a Delaware Corporation duly licensed to do business within the State of Arizona with its principle place of business located within Phoenix, Arizona.

5. All relevant activities took place within the State of Arizona.

6. This Court has jurisdiction over this matter pursuant to 29 U.S.C. 201 et seq., and 13 U.S.C. 1367 for supplemental state law claims.

7. This action arises out of Defendant's violations of the Fair Labor Standards Acts, 29 U.S.C. 201 et seq.. and A.R.S. 23-355.

8. Because the Defendant does business within the State of Arizona, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

## II.

### FACTUAL BACKGROUND
(Plaintiff Wilkerson)

10. Plaintiff Douglas Wilkerson began his employment with the Defendant in July 2012as a "Customer Service Agent" at the Defendant's call center located in Phoenix, Arizona and was paid on an hourly basis.

11. In 2013, Plaintiff Wilkerson was promoted to the position of "Team Leader" and remained in that position until his termination in August 2014.

12. While employed as a Team Leader, Plaintiff Wilkerson worked with a group of between twenty and thirty five other customer assistance agents who were assigned to his team.

13. Plaintiff Wilkerson was strictly prohibited from ever exercising independent decision making or discretion while performing his job duties as a Team Leader

14. Plaintiff Wilkerson was unable to hire, fire or otherwise discipline subordinate employees or customer service agents assigned to his team.

15. While employed as a Team Leader, Plaintiff Wilkerson was paid on a salary basis for all hours that he worked including all hours worked in excess of forty per week.

16. While employed as a Team Leader, Plaintiff Wilkerson was paid an annual salary of $28,000.00 which translated to an hourly rate of $13.46 per hour.

17. As a Team Leader, Plaintiff Wilkerson typically worked between fifty five and sixty hours per week.

18. Plaintiff Wilkerson was never paid overtime for hours worked in excess of forty per week.

19. At all times during his employment with the Defendant, Plaintiff Wilkerson remained "non-exempt" under the "Fair Labor Standards Act', 29

U.S.C. 201 *et seq.*, (hereinafter "FLSA") which mandated that he be paid time-and-one-half of his hourly rate for all hours worked over forty (40) per week.

20.     The Defendant is an enterprise engaged in interstate commerce as defined by 29 U.S.C. 206(a).

21.     Upon information and belief, the Defendant is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

22.     As such, the Defendant is a "covered enterprise" as defined by 29 U.S.C. 203(s) of the Fair Labor Standards Act.

23.     The Plaintiff, by and through his employment, was engaged in commerce and/or in the production of goods for commerce as defined by 29 U.S.C. 207(a)(1).

24.     As such, the Plaintiff is a covered employee under the Fair Labor Standards Act and entitled to one and one half his hourly rate of pay for hours worked in excess of forty hours per week.

### III.

### UNPAID OVERTIME
(Plaintiff Wilkerson)

25.     All of the preceding paragraphs are incorporated herein by reference.

26.     While employed as a Team Leader, Plaintiff Wilkerson virtually always worked in excess of forty hours per week.

27. Because Plaintiff Wilkerson remained a "non-exempt" employee while employed as a Team Leader, he was entitled to overtime pay at the rate of one-and-one-half times his hourly rate for all hours worked in excess of forty hours per week.

28. However, the Defendant never paid Plaintiff Wilkerson his overtime rate of pay for hours worked in excess of forty hours per week

29. By the acts and conduct set forth above, the Defendant has violated the Fair Labor Standards Act, 29 U.S.C. 201 et al..

30. As a result of the Defendant's actions, Plaintiff Wilkerson has suffered damages in an amount to be proven at trial.

31. Because Plaintiff Wilkerson's claims can be liquidated, he is entitled to interest at the statutory rate.

## IV.

### WILLFULNESS
(Plaintiff Wilkerson)

32. All of the preceding paragraphs are incorporated herein by reference.

33. The Defendant was aware that all tasks and duties performed by Plaintiff Wilkerson were done in strict conformity with company policies and procedures.

34. The Defendant knew that Plaintiff Wilkerson lacked the authority to **ever** deviate from clearly defined company policies and without explicit authorization.

35. The Defendant also knew that Plaintiff Wilkerson always worked significantly more than forty hours per week.

36. The Defendant knew that Plaintiff Wilkerson lacked the authority to hire and fire or otherwise discipline employees.

37. The Defendant knew that Plaintiff Wilkerson was never granted the authority to exercise his discretion or engage in independent decision making while working as a Team Leader.

38. Because Plaintiff Wilkerson lacked discretion and decision making abilities when performing his job duties, he did not qualify under any of the relevant exceptions to mandatory overtime pay as defined by Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*.

39. The Defendant either knew or recklessly disregarded its obligation to pay mandatory overtime as mandated by the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*.

40. Because the actions of the Defendant were willful and deliberate, the Plaintiff is entitled to all unpaid overtime pay due and owing him for the preceding three years.

# V.

# FACTUAL BACKGROUND
(Plaintiff Luna)

41. Plaintiff Joshua Luna began his employment on November 1, 2013 as a Customer Service Agent and was paid on an hourly basis.

42. Plaintiff Luna was promoted to the position of "Team Leader" on August 29, 2014 and remained in that capacity until approximately May 7 2015.

43. Like Plaintiff Wilkerson, Plaintiff Luna worked at the same call center with twelve other customer assistance agents who were assigned to his team.

44. While employed as a Team Leader, Plaintiff Luna was not allowed to exercise any independent decision making or discretion while performing his job duties.

45. While employed as a Team Leader, Plaintiff Luna was not allowed to hire and fire or otherwise discipline employees.

46. While employed as a Team Leader, Plaintiff Luna was paid on a salary basis for all hours worked up to and in excess of forty hours per week.

47. During his employment, Plaintiff Luna was paid an annual salary of $28,000.00 (Twenty Eight Thousand & 00/100).

48. While employed as a Team Leader, Plaintiff Luna typically worked between fifty five and sixty hours per week.

49. While employed as a Team Leader, Plaintiff Luna was never paid his overtime rate of one-and-one-half times his hourly rate for hours worked in excess of forty per week.

50. At all times during his employment with the Defendant, Plaintiff Luna remained "non-exempt" under the "Fair Labor Standards Act', 29 U.S.C. 201 *et seq.,* (hereinafter "FLSA") which mandated that he be paid time-and-one-half of his hourly rate for all hours worked over forty (40) per week.

51. Plaintiff Luna was an employee and subject to the Fair Labor Standards Act.

52. The Defendant is an enterprise engaged in interstate commerce as defined by 29 U.S.C. 206(a).

53. Upon information and belief, the Defendant is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

54. As such, the Defendant is a "covered enterprise" as defined by 29 U.S.C. 203(s) of the Fair Labor Standards Act.

55. Plaintiff Luna, by and through his employment, was engaged in commerce and/or in the production of goods for commerce as defined by 29 U.S.C. 207(a)(1).

56. As such, Plaintiff Luna is a covered employee under the Fair Labor Standards Act and entitled to one and one half her hourly rate of pay for hours worked in excess of forty hours per week.

## VI.

## UNPAID OVERTIME
(Plaintiff Luna)

57. All of the preceding paragraphs are incorporated herein by reference.

58. While employed as a Team Leader, Plaintiff Luna virtually always worked in excess of forty hours per week.

59. Because Plaintiff Luna remained a "non-exempt" employee while employed as a Team Leader, he was entitled to overtime pay at the rate of one-and-one-half times his hourly rate for all hours worked in excess of forty hours per week.

60. However, the Defendant never paid Plaintiff Luna his overtime rate of pay for hours worked in excess of forty hours per week

61. By the acts and conduct set forth above, the Defendant has violated the Fair Labor Standards Act, 29 U.S.C. 201 et al..

62. As a result of the Defendant's actions, Plaintiff Luna has suffered damages in an amount to be proven at trial.

63. Because Plaintiff Luna's claims can be liquidated, he is entitled to interest at the statutory rate.

## VII.

## WILLFULNESS
(Plaintiff Luna)

64. All of the preceding paragraphs are incorporated herein by reference.

65. The Defendant was aware that all tasks and duties performed by Plaintiff Luna were done in strict conformity with company policies and procedures.

66. The Defendant knew that Plaintiff Luna lacked the authority to **ever** deviate from clearly defined company policies and without explicit authority.

67. The Defendant also knew that Plaintiff Luna worked well in excess of forty hours per week.

68. The Defendant knew that Plaintiff Luna lacked the authority to hire and fire or otherwise discipline employees.

69. The Defendant knew that Plaintiff Luna lacked the authority to contract on the Defendant's behalf or incur corporate debts.

70. In addition, the Defendant failed to adequately maintain records as mandated under the FLSA.

71. Because Plaintiff Luna lacked discretion and decision making abilities when performing his job duties, he did not qualify under any of the relevant exceptions to mandatory overtime pay as defined by Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*.

72. The Defendant either knew or recklessly disregarded its obligation to pay mandatory overtime as mandated by the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*.

73. Because the actions of the Defendant were willful and deliberate, the Plaintiff is entitled to all unpaid overtime pay due and owing him for the preceding three years.

## VIII.

## UNPAID WAGES
(Plaintiff Luna)

74. All of the preceding paragraphs are incorporated herein by reference.

75. Pursuant to the terms and conditions of his employment, Plaintiff Luna accumulated a significant number of PTO time.

76. Despite his repeated requests, the Defendant continuously denied Plaintiff Luna use of his PTO time.

77. When Plaintiff Luna ended his employment in May 2015, the Defendant knew that he had earned a significant number of hours of PTO time.

78. Nonetheless, the Defendant refused to ever compensate Plaintiff Luna for his earned PTO time.

79. The actions of the Defendant constitute a violation A.R.S. 23-355.

80. Because the Defendant acted willfully and in the absence of a good faith dispute, Plaintiff Luna is entitled to treble damages of all unpaid PTO time per A.R.S. 23-355.

## IX.

## FACTUAL BACKGROUND
(Plaintiff Adverderada)

81. Plaintiff Ryan Adverderada began his employment in April, 2014 as a Customer Service Agent and was paid on an hourly basis.

82. Plaintiff Adverderada was promoted to the position of "Team Leader" on October 1, 2014 and remained in that capacity until April 9, 2015.

83. Like Plaintiffs Wilkerson and Luna, Plaintiff Adverderada worked at the same call center with twelve other customer assistance agents who were assigned to his team.

84. While employed as a Team Leader, Plaintiff Adverderada was not allowed to exercise any independent decision making or discretion while performing his job duties.

85. While employed as a Team Leader, Plaintiff Adverderada was not allowed to hire and fire or otherwise discipline employees.

86. While employed as a Team Leader, Plaintiff Adverderada was paid on a salary basis for all hours worked up to and in excess of forty hours per week.

87. During his employment, Plaintiff Adverderada was paid at the hourly rate of $13.46 per hour.

88. While employed as a Team Leader, Plaintiff Adverderada typically worked between fifty five and sixty hours per week.

89. While employed as a Team Leader, Plaintiff Adverderada was never paid his overtime rate of one-and-one-half times his hourly rate for hours worked in excess of forty per week.

90. At all times during his employment with the Defendant, Plaintiff Adverderada remained "non-exempt" under the "Fair Labor Standards Act", 29 U.S.C. 201 *et seq.,* (hereinafter "FLSA") which mandated that he be paid time-and-one-half of his hourly rate for all hours worked over forty (40) per week.

91. Plaintiff Adverderada was an employee and subject to the Fair Labor Standards Act.

92. The Defendant is an enterprise engaged in interstate commerce as defined by 29 U.S.C. 206(a).

93. Upon information and belief, the Defendant is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

94. As such, the Defendant is a "covered enterprise" as defined by 29 U.S.C. 203(s) of the Fair Labor Standards Act.

95. Plaintiff Adverderada, by and through his employment, was engaged in commerce and/or in the production of goods for commerce as defined by 29 U.S.C. 207(a)(1).

96. As such, Plaintiff Adverderada is a covered employee under the Fair Labor Standards Act and entitled to one and one half her hourly rate of pay for hours worked in excess of forty hours per week.

97. The Defendant also offered various benefits to its employees such as paid time off and vacation time ("PTO time").

98. During the course of his employment, Plaintiff Adverderada earned a significant number of hours of PTO time.

99. When Plaintiff Adverderada attempted to use his PTO time, the Defendant consistently refused his requests.

100. When Plaintiff Adverderada ended his employment, the Defendant refused to compensate him for his accumulated PTO time.

## X.

### UNPAID OVERTIME
(Plaintiff Adverderada)

101. All of the preceding paragraphs are incorporated herein by reference.

102. While employed as a Team Leader, Plaintiff Adverderada virtually always worked in excess of forty hours per week..

103. Because Plaintiff Adverderada remained a "non-exempt" employee while employed as a Team Leader, he was entitled to overtime pay at the rate of one-and-one-half times his hourly rate for all hours worked in excess of forty hours per week.

104. However, the Defendant never paid Plaintiff Alverdado his overtime rate of pay for hours worked in excess of forty hours per week

105. By the acts and conduct set forth above, the Defendant has violated the Fair Labor Standards Act, 29 U.S.C. 201 et al..

106. As a result of the Defendant's actions, Plaintiff Adverderada has suffered damages in an amount to be proven at trial.

107. Because Plaintiff Adverderado's claims can be liquidated, he is entitled to interest at the statutory rate.

## XI.

### WILLFULNESS
(Plaintiff Adverderada)

108. All of the preceding paragraphs are incorporated herein by reference.

109. The Defendant was aware that all tasks and duties performed by Plaintiff Adverderada were done in strict conformity with company policies and procedures.

110. The Defendant knew that Plaintiff Adverderada lacked the authority to **ever** deviate from clearly defined company policies and without explicit authority.

111. The Defendant also knew that Plaintiff Adverderada worked well in excess of forty hours per week.

112. The Defendant knew that Plaintiff Adverderada lacked the authority to hire and fire or otherwise discipline employees.

113. The Defendant knew that Plaintiff Adverderada lacked the authority to contract on the Defendant's behalf or incur corporate debts.

114. In addition, the Defendant failed to adequately maintain records as mandated under the FLSA.

115. Because Plaintiff Adverderada lacked discretion and decision making abilities when performing his job duties, he did not qualify under any of the relevant exceptions to mandatory overtime pay as defined by Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*.

116. The Defendant either knew or recklessly disregarded its obligation to pay mandatory overtime as mandated by the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*.

117. Because the actions of the Defendant were willful and deliberate, the Plaintiff is entitled to all unpaid overtime pay due and owing him for the preceding three years.

## XII.

## UNPAID WAGES

(Plaintiff Adverderado)

118. All of the preceding paragraphs are incorporated herein by reference.

119. Pursuant to the terms and conditions of his employment, Plaintiff Adverderada accumulated in excess of one hundred hours of PTO time.

120. When Plaintiff Adverderada ended his employment in April 2015, the Defendant knew that he had earned a significant number of PTO hours.

121. Nonetheless, the Defendant refused to ever compensate Plaintiff Adverderada for his earned PTO time.

122. The actions of the Defendant constitute a violation A.R.S. 23-355

123. Because the Defendant acted willfully and in the absence of a good faith dispute, Plaintiff Adverderada is entitled to treble damages of all unpaid PTO time per A.R.S. 23-355.

**WHEREFORE,** Plaintiff Wilkerson, Luna and Adverderada pray for judgment against the Defendant as follows:

1. For all unpaid overtime wages due and owing to them pursuant to the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.* in an amount to be proven at trial;

2. For a finding that the Defendant's actions were "willful" as defined by 29 U.S.C. 201 *et seq* of the Fair Labor Standards Act and subject to a three year look back period.

3. For the Plaintiffs' reasonable attorney's fees and costs in bringing this matter; and

4. For such other relief as the Court may deem just and proper.

5. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demands, a trial by jury.

**IN ADDITION**, Plaintiffs Luna and Adverderada pray for judgment against the Defendant as follows:

1. For all unpaid comp time and earned benefits due and owing them.

2. For treble damages for all unpaid comp time and earned benefits pursuant to A.R.S. 23-355

RESPECTFULLY submitted this <u>21st</u> day of August, 2015.

|     |     |
| --- | --- |
| 1   | Piekarski & Brelsford, P.C. |
| 2   | 2633 E. Indian School Rd. suite 460 |
|     | Phoenix, Arizona 85016 |

By: /s/ Christopher J. Piekarski
      Christopher J. Piekarski