PIEKARSKI & BRELSFORD, P.C.
2633 E. INDIAN SCHOOL RD., STE. 460
Phoenix, AZ 85016
Phone: (602) 956-1161
Email: chris@pb-lawfirm.com
Fax: (602) 956-1161
Christopher J. Piekarski (AB# 019251)
Nathan J. Brelsford (AB# 024853)

*Attorneys for Plaintiff*

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 EAST BROADWAY BLVD., SUITE 200
TUCSON, AZ 85716-5300
(520) 322-5000
Gary F. Urman (AZ # 11748)
gurman@dmyl.com

SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3850 N. Causeway Blvd., Suite 200
Metairie, la 70002
(504) 828-3700
Kevin G. Barreca (*pro hac vice*)
kbarreca@sessions.legal

*Attorneys for Defendant EGS Customer Care, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Douglas Wilkerson, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> EGS Customer Care, Inc. <br><br> Defendant. | NO. 2:15-cv-01656-DJH <br><br> **JOINT MOTION FOR APPROVAL OF SETTLEMEMNT AGREEMENT AND STIPULATION TO DISMISS ALL CLAIMS WITH PREJUDICE** |

The above-captioned Fair Labor Standards Act ("FLSA") lawsuit has been settled. Defendant EGS Customer Care, Inc. ("EGS") and Plaintiffs Douglas Wilkerson, Joshua Luna and Ryan Adverderada ("Plaintiffs"), respectfully move the Court to: (1) approve the Settlement Agreement that is attached as **Exhibit A** as fair and reasonable; (2) approve the filing of the Settlement Agreement attached as **Exhibit** A under seal in accordance with LRCiv 5.6 due to the bargained-for confidentiality provisions; and (3) for an Order approving the Agreement and dismissing *with prejudice* all of the claims that are alleged in this matter. The Parties respectfully submit that this Motion should be granted because the

Settlement Agreement was reached in an adversarial context and represents a fair and reasonable resolution of a *bona fide* dispute.

The Parties bring this Motion to the Court out of an abundance of caution as, in the context of suits brought directly by employees against their employer under Section 216(b) to recover back wages for alleged FLSA violations, there is precedent indicating that the parties should present any proposed settlement to the district court, which may enter a stipulated judgment after reviewing the settlement for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). Though the Ninth Circuit has yet to offer any guidance to this regard, there is precedent from this district that indicates, where parties are represented by counsel and aware of their relevant rights, their settlement of FLSA claims should be permitted binding effect even without court approval. *See Smith v. Tri-City Transmission Serv.*, 2012 U.S. Dist. LEXIS 119428 (D. Ariz. Aug. 23, 2012) (holding that "[i]t is no longer clear that settlement of FLSA claims must be approved by the court to be binding, especially in a case such as this . . . . Plaintiffs were represented by counsel when they filed their complaint . . . and throughout the course of this litigation. They alleged violations of the FLSA in their complaint, therefore they were obviously aware of their rights under this statute.

The parties settled their disagreements within the context of a pending lawsuit. Following the logic of [other precedent], such a settlement agreement could reasonably be found binding upon the parties even without court approval"). Accordingly, especially where the parties are represented by competent counsel and where settlement is arrived at in

2

the context of adversarial proceedings already underway, at least some deference should be given to the parties' decision to settle the matter and to the terms of that settlement.

In this case, both Plaintiffs and Defendants are, and have been, represented by competent and accomplished attorneys who are well aware of the law at issue in this matter and who have apprised their clients of that law in relation to their clients' interests.  The Parties, recognizing the various countervailing considerations at issue and being fully apprised by counsel, have reached a compromise to resolve this action, including attorneys' fees for Plaintiffs.

More specifically, as this Court is certainly already aware, the law governing wage disputes, especially those involving overtime exemptions under the Fair Labor Standards Act ("FLSA") as in this litigation, often presents ambiguity and the circumstances surrounding such claims often permit reasonable parties to present differing views as to the viability of the wage claims asserted.  As this Court is also certainly aware, litigation is a costly and demanding process for which the result is often uncertain to a very high degree. The Parties, knowing the claims at issue and their attendant circumstances, the law governing the dispute, and the risks, uncertainties, and costs of further litigation, as well as being fully advised by legal counsel of their choosing, have, in the context of ongoing adversarial proceedings, agreed that the Agreement represents a fair resolution and reasonable compromise to Plaintiffs' claims.

**I.    Approval of Settlement and Dismissal**

3

1. This matter concerns a claim by Plaintiffs that they were improperly compensated under the FLSA.

2. Defendant denies Plaintiffs are due any wages, and denies that Plaintiffs were not properly compensated and denies any liability to Plaintiffs.

3. The Parties, through their counsel and designated representatives, reached a compromise to resolve this action, including attorneys' fees for Plaintiffs, pursuant to the terms set forth in the Agreement attached as **Exhibit A**. The Agreement provides for a specific settlement amount to be paid to Plaintiffs, and an amount to be paid to Plaintiffs' attorney. The Agreement also includes a release of claims by Plaintiffs and a confidentiality provision.

4. The Parties agree that the Agreement represents a fair and equitable resolution and reasonable compromise.

5. The Agreement is in the best interests of all the Parties and has been accepted by the Parties. The parties have executed the Agreement.

6. The Parties, through their respective counsel, hereby move for approval of this setlement and dismissal of this action with prejudice, on the merits and without awarding additional fees or costs to either party, as set forth in the proposed order accompanying this joint motion.

7. Neither this joint motion nor the proposed order is intended to constitute an admission or concession by Defendant of any liability or wrongdoing.

8.     The Parties respectfully request that the Court approve the terms of the Agreement because it represents a fair and reasonable resolution of *bona fide* disputes over alleged unpaid overtime wages under the FLSA.

9.     All the parties have been represented by competent counsel.

## II.     Leave to File Settlement Agreement and General Release Under Seal

The parties jointly move to file their Agreement under seal in accordance with LRCiv 5.6 due to the bargained-for confidentiality provisions.  The parties specifically agreed that the terms of the settlement should remain confidential.  The Court has discretion to seal records.  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *Clark v. Aires*, No. CV-11-0183-PHX-JAT, 2011 U.S. Dist. LEXIS 63992 (D. Ariz. June 14, 2011); *Mesa Bank v. Cincinnati Ins. Co.*, No. 09-12-PHX-GMS, 2009 U.S. Dist. LEXIS 11333 (D. Ariz. Feb. 3, 2009).  Courts have exercised this discretion to seal documents in FLSA actions such as this lawsuit.  *See*, *e.g.*, *Peterson v. Meritage Homes of Fla., Inc.*, No. 2:08-cv-72-FtM-29SPC, 2008 U.S. Dist. LEXIS 115496 (M.D. Fla. Nov. 17, 2008), adopted by 2008 U.S. Dist. LEXIS 97462 (M.D. Fla., Dec. 2, 2008) (approving sealing of settlement agreement); *Campbell v. Exthex Corp.*, 464 F. Supp. 2d 559, 561 (W.D. Va. 2006) (granting leave to file settlement documents under seal where documents "contain[ed] little information that would be of benefit to the public generally"); *In re Franklin Nat'l Bank Securities Ltg.*, 92 F.R.D. 468 (E.D.N.Y. 1981) (maintaining settlement documents under seal where secrecy was vital to foster settlement).

The parties jointly request that the Agreement be sealed in order to foster their settlement and give effect to the confidentiality provisions of the agreement, and because the terms of the Agreement in this single-action FLSA lawsuit are of little or no public interest.

WHEREFORE, the parties request that the Court review the Agreement and issue an Order approving it as fair and reasonable.  A copy of the proposed order is attached.

DATED:  this 21st day of November, 2016.

                                        PIEKARSKI & BRELSFORD, P.C.

                                        By:  /s/ Christopher J. Piekarski
                                                 Christopher J. Piekarski
                                                 2633 E. INDIAN SCHOOL RD., STE. 460
                                                 Phoenix, AZ 85016
                                                 Attorneys for Plaintiff

                                       And

                                        SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.

                                        By:  /s/ Kevin G. Barreca
                                                 Kevin G. Barreca
                                                 3850 N. CAUSEWAY BLVD., SUITE 200
                                                 METAIRIE, LA  70002
                                                 Attorneys for Defendant, EGS Customer Care, Inc.