PIEKARSKI & BRELSFORD, P.C.
2633 E. INDIAN SCHOOL RD., STE. 460
Phoenix, AZ 85016
Phone: (602) 956-1161
Email: chris@pb-lawfirm.com
Fax: (602) 956-1161
Christopher J. Piekarski (AB# 019251)
Nathan J. Brelsford (AB# 024853)

*Attorneys for Plaintiff*

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 EAST BROADWAY BLVD., SUITE 200
TUCSON, AZ 85716-5300
(520) 322-5000
Gary F. Urman (AZ # 11748)
gurman@dmyl.com

SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3850 N. Causeway Blvd., Suite 200
Metairie, la  70002
(504) 828-3700
Kevin G. Barreca (*pro hac vice*)
kbarreca@sessions.legal

*Attorneys for Defendant EGS Customer Care, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas Wilkerson, et al., | NO. 2:15-cv-01656-DJH |
| Plaintiffs, | |
| vs. | **RESPONSE TO 12/15/16 ORDER (DOC. 27) AND RENEWED JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND STIPULATION TO DISMISS ALL CLAIMS WITH PREJUDICE** |
| EGS Customer Care, Inc. | |
| Defendant. | |

MAY IT PLEASE THE COURT:

Plaintiffs Douglas Wilkerson, Joshua Luna and Ryan Adverderada ("Plaintiffs"), through undersigned counsel, respectfully offer this response to the Court's December 15, 2016 Order (Doc. 27) and, together with Defendant EGS Customer Care, Inc. ("EGS"), renew

their joint motion for approval of settlement agreement and stipulation to dismiss all claims with prejudice.

## BACKGROUND & PROCEDURAL HISTORY

Plaintiffs filed this action on August 24, 2015 against Expert Global Solutions, Inc. seeking unpaid wages under the Fair Labor Standards Act. On September 8, 2015, Plaintiffs amended their complaint to substitute EGS Customer Care, Inc., for Expert Global Solutions, Inc., which was incorrectly named in the original Complaint. EGS has denied any wrongdoing and that any wages are due.

On January 5, 2016, the Court entered a Scheduling Order requiring, among other things, the parties to engage in good faith settlement talks by October 19, 2016 and to report to the Court on those talks within 5 days thereafter. See 1/5/16 Scheduling Order (Doc. 17) at ¶ 8. The Court also instructed Plaintiffs to notify the Court that the parties were ready for a Final Pretrial Conference within 10 days after a November 23, 2016 dispositive motion deadline, *i.e.*, Monday, December 5, 2016. *Id*. at ¶¶ 7 and 10.

In compliance with the Scheduling Order, the parties engaged in discovery including depositions, and conducted several settlement negotiations sessions by phone and also in person. On October 11, 2016, the parties reported to the Court that further settlement discussions would continue. See Doc. 23. Eventually, those discussions produced a settlement, and Plaintiffs each signed a settlement agreement of the material terms on November 7, 2016. EGS signed the settlement on November 17, 2016.

Following the settlement, the parties worked diligently to work through procedural issues and finalize a motion seeking Court approval. In the midst of these efforts, the Court's

2

December 5, 2016 deadline for Plaintiffs to disclose the parties' readiness for pretrial conference came and passed without notice. As a result, the Court issued its December 13, 2016 Order instructing Plaintiffs to show cause by December 19, 2016 why this lawsuit should not be dismissed for failing to file a Notice of Readiness for Pretrial Conference (Doc. 24).

The following day, Plaintiffs filed a Motion to Approve Consent Judgment along with a proposed Order (Docs. 25 and 26) with the belief and intention that the filing would serve to respond to the Court's December 13th Order, and place the disposition of the parties' settlement within the Court's consideration.

On December 15, 2016, the Court denied the motion. See 12/15/16 Order (Doc. 27). In its order, the Court (1) requested clarification as to the meaning of certain language contained in the motion papers, (2) observed a blank line in the parties' settlement agreement establishing the "Effective Date" of the agreement, and (3) noted that the settlement agreement was inadvertently filed while the proposed order submitted with the motion indicated that the agreement would be filed under seal.

In response to the Court's 12/15/16 Order, Plaintiffs submitted another joint motion on December 19, 2016 (Doc. 28). The submission addressed the Court's observation regarding the inadvertently filed settlement agreement and included an argument seeking approval to file the settlement agreement under seal. Unfortunately, the settlement agreement was again filed into the record and not under seal. Also, rather than explain the language that caused the confusion for which this Court had requested clarification, the confusing language was simply deleted. Lastly, the settlement agreement again failed to include/clarify the

"Effective Date" in the agreement. The same day, the Court denied that motion as inappropriately filed, but without written reasons. See 12/19/16 Order (Doc. 29).

The parties gather from the Court's *sua sponte* denial that a detailed response to the Court's 12/15/16 Order (Doc. 27) is expected. With that understanding, the parties address the Court's concerns now:

1. Clarification of Motion Language

The Court raised concern with the following language at page 2, lines 21-24 of the parties original joint motion, and sought clarification thereon:

> Following the logic of [other precedent], such a settlement agreement could reasonably be found binding upon the parties even without court approval").

This language was taken directly from Hon. Judge Frederick Martone's ruling in *Smith v. Tri-City Transmission Serv.*, 2012 U.S. Dist. LEXIS 119428 (D. Ariz. Aug. 23, 2012), which was cited and quoted in the parties' original motion, in the paragraph immediately preceding the language at issue. Regrettably, a short form citation to the *Smith* decision was not provided, which may be responsible in part for the Court's concerns. To clarify, the pinpoint citation to this passage is *Smith v. Tri-City Transmission Serv.*, 201 U.S. Dist. LEXIS 119428, 2:12-cv-01254-FJM, *2 (D. Ariz. Aug. 23, 2012). That case involved circumstances similar to the matter presently under review; there, the court recognized that when parties to an FLSA case settle their disagreements within the context of a pending lawsuit, as the present parties have done, "such a settlement could reasonably be found binding upon the parties even without court approval." *Id*. The parties believe that holding is pertinent here, although, out of an abundance of caution and a desire to remove any doubt

that their settlement agreement has binding *res judicata* effect, the parties present the settlement agreement to this Court for consideration and approval.

2. The Effective Date of the Settlement Agreement

The Court also expressed concern with a blank space on page 1 of the settlement agreement concerning the "Effective Date" of the agreement. The Effective Date of the settlement agreement is intended to be the date by which all parties have signed the settlement. Plaintiffs signed the settlement on November 7, 2016, and EGS signed the agreement on November 17, 2016. The November 17, 2016 date should have been inserted in the blank space in the settlement agreement. This oversight has been corrected in the redacted settlement agreement filed herewith.

3. The Filing of the Settlement Agreement

The parties had originally intended to file the settlement agreement under seal; by an oversight, Plaintiffs filed the settlement agreement into the record on multiple occasions. The Court has since stricken those filings. See 12/19/16 Order (Doc. 29). The parties have since acknowledged and agreed with one another that filing a <u>redacted</u> settlement agreement in the record is not inconsistent with the confidentiality bargained for under the settlement. Consequently, for purposes of this motion, the parties will file and refer to a settlement agreement in which only the amounts due under the settlement have been redacted. To be clear, the parties do not request this settlement agreement be filed under seal.

Subject to the foregoing, the parties now jointly renew their motion for approval of settlement agreement and stipulation to dismiss all claims with prejudice, as follows:

The above-captioned Fair Labor Standards Act ("FLSA") lawsuit has been settled. EGS and Plaintiffs respectfully move the Court to: (1) approve the redacted settlement agreement that is attached as **Exhibit A** as fair and reasonable; and (2) for an Order approving the settlement agreement and dismissing *with prejudice* all of the claims that are alleged in this matter. The parties respectfully submit that this Motion should be granted because the settlement agreement was reached in an adversarial context and represents a fair and reasonable resolution of a *bona fide* dispute.

The parties bring this Motion to the Court out of an abundance of caution as, in the context of suits brought directly by employees against their employer under Section 216(b) to recover back wages for alleged FLSA violations, there is precedent indicating that the parties should present any proposed settlement to the district court, which may enter a stipulated judgment after reviewing the settlement for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). Though the Ninth Circuit has yet to offer any guidance to this regard, there is precedent from this district that indicates, where parties are represented by counsel and aware of their relevant rights, their settlement of FLSA claims should be permitted binding effect even without court approval. *See Smith v. Tri-City Transmission Serv.*, 2012 U.S. Dist. LEXIS 119428 (D. Ariz. Aug. 23, 2012) (holding that "[i]t is no longer clear that settlement of FLSA claims must be approved by the court to be binding, especially in a case such as this . . . . Plaintiffs were represented by counsel when they filed their complaint . . . and throughout the course of this litigation. They alleged violations of the

6

FLSA in their complaint, therefore they were obviously aware of their rights under this statute.

The parties settled their disagreements within the context of a pending lawsuit. Accordingly, especially where the parties are represented by competent counsel and where settlement is arrived at in the context of adversarial proceedings already underway, at least some deference should be given to the parties' decision to settle the matter and to the terms of that settlement.

In this case, both Plaintiffs and EGS are, and have been, represented by competent and accomplished attorneys who are well aware of the law at issue in this matter and who have apprised their clients of that law in relation to their clients' interests. The parties, recognizing the various countervailing considerations at issue and being fully apprised by counsel, have reached a compromise to resolve this action, including attorneys' fees for Plaintiffs.

More specifically, as this Court is certainly already aware, the law governing wage disputes, especially those involving overtime exemptions under the Fair Labor Standards Act ("FLSA") as in this litigation, often presents ambiguity and the circumstances surrounding such claims often permit reasonable parties to present differing views as to the viability of the wage claims asserted. As this Court is also aware, litigation is a costly and demanding process for which the result is often uncertain to a very high degree. The parties, knowing the claims at issue and their attendant circumstances, the law governing the dispute, and the risks, uncertainties, and costs of further litigation, as well as being fully advised by legal counsel of their choosing, have, in the context of ongoing adversarial proceedings, agreed

that the settlement agreement represents a fair resolution and reasonable compromise to Plaintiffs' claims.

## I.     Approval of Settlement and Dismissal

1.     This matter concerns a claim by Plaintiffs that they were improperly compensated under the FLSA.

2.     EGS denies Plaintiffs are due any wages, and denies that Plaintiffs were not properly compensated and denies any liability to Plaintiffs.

3.     The parties, through their counsel and designated representatives, reached a compromise to resolve this action, including attorneys' fees for Plaintiffs, pursuant to the terms set forth in the settlement agreement attached as **Exhibit A**. The settlement agreement provides for a specific settlement amount to be paid to Plaintiffs, and an amount to be paid to Plaintiffs' attorney.  The settlement agreement also includes a release of claims by Plaintiffs and a confidentiality provision.

4.     The parties agree that the settlement agreement represents a fair and equitable resolution and reasonable compromise.

5.     The settlement agreement is in the best interests of all the parties and has been accepted by the parties.  The parties have executed the settlement agreement.

6.     The parties, through their respective counsel, hereby move for approval of this settlement and dismissal of this action with prejudice, on the merits and without awarding additional fees or costs to either party, as set forth in the proposed order accompanying this joint motion.

7.      Neither this joint motion nor the proposed order is intended to constitute an admission or concession by EGS of any liability or wrongdoing.

8.      The parties respectfully request that the Court approve the terms of the settlement agreement because it represents a fair and reasonable resolution of *bona fide* disputes over alleged unpaid overtime wages under the FLSA.

9.      All the parties have been represented by competent counsel.

WHEREFORE, the parties request that the Court review the settlement agreement and issue an Order approving it as fair and reasonable.  A copy of the proposed order is attached.

DATED:  this 9th day of January, 2017.

PIEKARSKI & BRELSFORD, P.C.

By:  /s/ Christopher J. Piekarski
Christopher J. Piekarski
2633 E. INDIAN SCHOOL RD., STE. 460
Phoenix, AZ 85016
Attorneys for Plaintiffs

And

SESSIONS, FISHMAN, NATHAN & ISRAEL

By:  /s/ Kevin G. Barreca
Kevin G. Barreca
3850 N. Causeway Blvd., Suite 200
Metairie, LA  70002
Attorneys for Defendant, EGS Customer Care, Inc.