## SETTLEMENT AGREEMENT AND RELEASE OF LIABILITY

This Settlement Agreement and Release of Liability (hereinafter referred to as the "Agreement") is deemed effective as of November 17, 2016 (the "Effective Date"), and is entered into by and between EGS Customer Care, Inc., formerly known as APAC Customer Services, Inc., and its affiliates, subsidiaries, and related corporate and business entities (collectively "EGS"), and Douglas Wilkerson ("Wilkerson") and Joshua Luna ("Luna") and Ryan Adverderada ("Adverderada") (collectively "Releasors").

WITNESSETH:

WHEREAS, Releasors are former EGS employees;

WHEREAS, Releasors filed suit against EGS in the United States District Court for the District of Arizona, Case No. 2:15-cv-01656-DJH, alleging they are entitled to compensation for back pay and damages under the Fair Labor Standards Act (FLSA), 29 U.S.C. §216(b) (hereinafter referred to as the "Lawsuit");

WHEREAS, EGS denies that it has committed any wrongdoing or violated any federal law pertaining to the payment of wages and hours worked by Releasors, and has defended the claims asserted in the Lawsuit;

WHEREAS, Releasors acknowledge that EGS maintains they are due no wages, that they have no specific knowledge or information to support a position that they are due wages; and, if any wages were due, they acknowledge that that there is a bona fide dispute as to the amount of any wages owed and/or the number of compensable hours worked;

WHEREAS, Releasors have agreed to settle all claims relating to their employment with EGS as of the Effective Date, including the claims asserted in the Lawsuit and all differences, claims, demands, actions, causes of action or complaints, known or unknown, past, present or contingent, in contract, tort or otherwise, arising out of or in connection with, directly or indirectly their employment with EGS; and

WHEREFORE, in consideration of the promises, representations and warranties set forth, Releasors and EGS agree as follows:

1. Releasors acknowledge that this Agreement is their full compromise and release in favor of EGS for any existing or potential claims, for compensation or otherwise, in any way related to their employment with EGS, including those claims that were raised, or could have been raised in the Lawsuit, as well as any claims that have or could be raised under any federal, state or local law, of any kind whatsoever, as of the Effective Date.

2. Releasors hereby release and forever hold harmless EGS and its officers, agents, employees, insurance and compensation carriers, and attorneys, from any liability that has arisen or may arise, regarding their employment with EGS as of the Effective Date. Releasors further agree to protect and hold harmless EGS from any claims raised by any

Exhibit A

taxing authority regarding any issues with the payment by EGS of the settlement funds pursuant to this Agreement.

3. In consideration of the release of liability and claims by Wilkerson in favor of EGS, within 10 business days of receipt of the Agreement executed by Wilkerson, EGS will pay Wilkerson ▮▮▮▮ (less standard employee withholdings), representing the settlement of Wilkerson's unpaid wages claims, plus ▮▮▮▮ representing Wilkerson's claim for penalties.

4. In consideration of the release of liability and claims by Luna in favor of EGS, within 10 business days of receipt of the Agreement executed by Luna, EGS will pay Luna ▮▮▮▮ (less standard employee withholdings), representing the settlement of Luna's unpaid wages claims, plus ▮▮▮▮ representing Luna's claim for penalties.

5. In consideration of the release of liability and claims by Adverderada in favor of EGS, within 10 business days of receipt of the Agreement executed by Adverderada, EGS will pay Adverderada ▮▮▮▮ (less standard employee withholdings), representing the settlement of Adverderada's unpaid wages claims, plus ▮▮▮▮ representing Adverderada's claim for penalties.

6. Releasors each understand that the settlement payments provided by this settlement as described in this Agreement compensate each of them for any compensation allegedly due to them for back pay and any related injuries and damages. These settlement payments are also being paid to Releasors to compensate them for the confidentiality obligations agreed to herein. EGS does not warrant or represent that EGS has independent knowledge that Releasors have suffered the damages that he claims in the Lawsuit.

7. In further consideration of the release of liability and claims by Releasors in favor of EGS, within 10 business days of receipt of the Agreement executed by all 3 Releasors, EGS will pay ▮▮▮▮ to their attorneys of record, Piekarski & Brelsford, P.C., to satisfy any attorney's fees and related costs.

8. Releasors acknowledge that the settlement terms by EGS encompass a full and final settlement, and a full compromise and release for any potential or existing claims, for compensation, damages or otherwise, relating to Releasors' allegations in the Lawsuit and Releasors' employment with or separation from EGS.

9. Unless the Agreement has to be enforced, or except upon the receipt of a lawful subpoena, Releasors and Releasors' heirs, executors and/or administrators represent and agree that the terms and conditions of this Agreement, all facts and circumstances regarding the Lawsuit and the final negotiations regarding this Agreement are **strictly confidential** and shall not in the future be disclosed, other than to Releasors' attorneys, close family members and financial advisors. Should Releasors discuss the terms and conditions of this Agreement with their attorneys, close family members or financial advisors, Releasors will notify each of them that they are also bound by the confidentiality obligations.

10. Releasors do not seek, and hereby waive, reinstatement with EGS and agree that they will not seek employment with EGS in the future.

11. This Agreement will not be construed as an admission of wrongdoing, or violation of any legal or contractual duty owed to Releasors by EGS or its officers, servants, agents, employees, insurance carriers or attorneys.

12. In the event that any party should breach any of the terms of this Agreement and it becomes necessary for the aggrieved party to obtain the services of an attorney to enforce the terms and conditions of this Agreement, then the losing party to any enforcement action shall pay all of the necessary costs and reasonable attorney's fees of the winning party to enforce the terms and conditions herein.

13. This Settlement Agreement shall be governed by, and construed and interpreted in accordance with, the laws of the State of Arizona.

14. Should any court or other regulatory body with competent jurisdiction, determine that this Agreement does not fully and finally discharge all claims or causes of action that could have been asserted by Releasors as expressed herein, Releasors agree to reform the Agreement to release any such claims not hereby released. In addition, should any court or regulatory body of competent jurisdiction determine that any portion of this Agreement is invalid or otherwise ineffective, the remaining portions of this Agreement shall survive and remain in full force and effect.

15. Releasors enter this Agreement on a voluntary basis, and specifically represent, by their signatures below, that they have not relied upon the promises or representations made by anyone connected in any way with EGS, except as specifically contained herein.

16. In conformance with the Older Worker's Benefit Protection Act, Part II, each Releasor who is 40 years of age or older understands and agrees that:

   a. He has had a reasonable time (at least 21 days) within which to consider this OWBPA Waiver before executing this OWBPA Waiver, even though he has the right to execute this Agreement before the 21-day period has expired;

   b. He may, on or before 7 days after executing this Agreement and agreeing to this OWBPA Waiver, rescind this OWBPA Waiver and no longer be bound by this OWBPA Waiver;

   c. He has read carefully and understands fully all of the provisions of this OWBPA Waiver;

   d. He is, through this Agreement and OWBPA Waiver, releasing EGS from any and all claims that he may have against EGS as of the Effective Date,

including any rights under the federal Age Discrimination in Employment Act;

e. He agrees knowingly and voluntarily to all of the terms set forth in this Agreement and OWBPA Waiver and intends to be legally bound by same; and

f. He consulted with an attorney prior to executing this Agreement and OWBPA Waiver.

_____ / 11-7-16
Douglas Wilkerson           Date

_____ / 11-7-16
Joshua Luna                Date

_____ / 11-7-2016
Ryan Adverderada           Date

_____ / 11/17/2016
EGS Customer Care, Inc.    Date